## UNDERHILL v. PHILLIPS.

(Supreme Court, Appellate Division, Second Department. May 24, 1898.)

ACTION ON JUDGMENT—COMPLAINT.

In an action upon a judgment of a county court, a complaint alleging that, upon a specified date (though more than 10 years past), the plaintiff "recovered" the judgment, "which was duly given by the court," without alleging that it was docketed more than 10 years before the commencement of the action, or that the court has made an order granting the plaintiff leave to sue, is, under Code Civ. Proc. § 1913, demurrable.

Appeal from Kings county court.

Action by Silas A. Underhill against Frank H. Phillips. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Silas A. Underhill (Reuben H. Underhill, on brief), for appellant. Albert G. McDonald, for respondent.

GOODRICH, P. J. The complaint alleges that on May 21, 1877, in the county court of Kings county, "the plaintiff recovered two judgments, which were duly given by said court." The defendant demurs, on the ground that the complaint does not state facts sufficient to constitute a cause of action, his contention being that there is no allegation that such judgments were duly docketed, or that leave to sue was granted by the court previous to the commencement of the action.

Section 1913 of the Code of Civil Procedure reads as follows:

"Except in a case where it is otherwise specially prescribed in this act, an action upon a judgment for a sum of money, rendered in a court of record of the state, cannot be maintained, between the original parties to the judgment, unless, either: (1) ten years have elapsed since the docketing of such judgment; or, (2) it was rendered against the defendant by default, for want of an appearance or pleading, and the summons was served upon him, otherwise than personally; or (3) the court in which the action is brought has previously made an order, granting leave to bring it. Notice of the application for such an order must be given to the adverse party, or the person proposed to be made the adverse party, personally, unless it satisfactorily appears to the court, that personal notice cannot be given, with due diligence; in which case, notice may be given in such a manner as the court directs." Laws 1896, c. 568.

The plaintiff contends that the allegation that he recovered the judgments, and that the same were duly given, constitutes an allegation that the judgments were docketed at the time of their rendition, on the ground that the statute in force at the time (3 Rev. St. [5th Ed.] p. 639, § 12) required the clerk to docket every judgment when rendered, and that it must be inferred that the clerk properly performed such duty. The difficulty with this contention is that it does not arise at this stage of the litigation. The complaint in

51 N.Y.S.—51

an action of this character must contain allegations to bring it within the provisions of section 1913, above cited. If it had been alleged that the judgment was duly docketed, and the due rendition had been proven at the trial, the court, within the authorities cited by the plaintiff's counsel, might possibly hold at the trial that the docketing was to be inferred from the proof that the judgment was rendered, on the ground that the clerk had performed the duty required by the statute; but it does not follow that the converse of the proposition is true, and the allegation that the judgment was recovered and duly given is not a sufficient compliance with the requirements of section 1913. The complaint does not contain proper allegations. It should allege the docketing of the judgment more than 10 years before the commencement of this action, or that the court has made an order granting the plaintiff leave to sue, and is therefore defective.

The judgment must be affirmed, with the costs and disbursements of this appeal. All concur.